UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERRY MOTOLO, | : | CIVIL NO: 1:15-CV-00586 |
| Petitioner | : | |
| | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| J. BALTAZAR, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I. Introduction.

The petitioner, Perry Motolo, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons's application of the Inmate Financial Responsibility Program to his case. Because the claim in Motolo's petition is without merit, we recommend that the Court deny the petition.

### II. Background and Procedural History.

In 2008, Motolo was convicted in the United States District Court for the Northern District of Indiana of tax and mail fraud. *Doc. 7-1* at 62-63. Chief Judge Miller sentenced Motolo to an aggregate term of imprisonment of 294 months. *Id.* at 64. He also imposed a $2,700.00 special assessment on Motolo and ordered Motolo to pay $3,175,763.06 in restitution. *Id.* at 66. Motolo's criminal judgment

states the following with regard to the payment of the special assessment and restitution:

> Special assessment and restitution shall be due in full immediately. Restitution shall be paid at a minimum monthly rate of $100.00 commencing 30 days after placement on supervision. Any payment that is not payment in full shall be divided proportionately among persons named. . . . The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.

*Id.*

In March of 2015, Motolo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that, in 2008, the United States Court of Appeals for the Seventh Circuit voided his judgment of conviction, but the Bureau of Prisons never acknowledged such and continues to try to collect the special assessment and restitution under its Inmate Financial Responsibility Program (IFRP).[1] The

---

[1] Under the IFRP, the BOP encourages inmates to meet their financial obligations and works with them to set up a plan to do so. 28 C.F.R. §545.10 & §545.11. Participation in the IFRP is voluntary; although an inmate may lose certain privileges if he refuses to participate, the BOP cannot compel an inmate to participate. *United States v. Snyder*, 601 F. App'x 67, 70 (3d Cir. 2015). Inmates "are not entitled, constitutionally or otherwise, 'to any of the benefits agreeing to participate in the IFRP would provide, such as a work detail outside the prison perimeter, a higher commissary spending limit, a release gratuity, or pay beyond the maintenance pay level.'" *Id.* at 70-71 (quoting *United States v. Lemoine,* 546 F.3d 1042, 1049 (9th Cir. 2008)). We construe Motolo's assertion that the BOP is continuing to try to collect funds from him under the IFPR to mean that the BOP has placed Motolo in "refuse status" under the IFRP and, as a result, it denies him benefits he would have received had he agreed to participate in the IFRP. *See Doc. 1*

respondent filed a response to the petition arguing that the Court should dismiss the petition because Motolo failed to exhaust administrative remedies or, in the alternative, the Court should deny the petition on the merits because the Seventh Circuit did not vacate Motolo's judgment of conviction and the IFRP is constitutional. Motolo then filed a reply in which he raises a claim that he had not raised in his petition. He argues that setting a payment schedule for a restitution award is a judicial function that cannot be delegated to the Bureau of Prisons. *See United States v. Corley*, 500 F.3d 210, 224-228 (3d Cir. 2007) (holding, in a case where the district court ordered that restitution payments begin immediately, that the defendant make restitution payments from his prison wages in accordance with the IFRP, and that the defendant pay $100 per month after he is released from custody, that the district court impermissibly delegated to the BOP its duty under the Mandatory Victims Restitution Act of 1996 to schedule restitution payments and remanding to the district court to set a schedule of restitution payments), *vacated on other grounds*, *Corley v. United States*, 556 U.S. 303, 323 (2009). Motolo contends that because Chief Judge Miller did not set a payment plan for restitution payments while he is in custody in the criminal judgment, he improperly delegated that

---

at 17 (Regional Director's response to Motolo's administrative appeal).

authority to the BOP, and the BOP cannot use the IFRP to collect the restitution award. With leave of court, the respondent filed a surreply.

**III. Discussion.**

We first address the respondent's contention that the petition should be dismissed because Motolo failed to exhaust administrative remedies. We conclude that Motolo's claim that the BOP is continuing to attempt to collect under the IFRP even though the Seventh Circuit has vacated his criminal judgment should not be dismissed for failure to exhaust administrative remedies, but we conclude that the claim that Motolo attempted to raise for the first time in his reply—that the BOP cannot apply the IFRP to him because the sentencing court improperly delegated its authority to set a payment schedule to the BOP—should be dismissed for failure to exhaust administrative remedies.

Although there is no statutory exhaustion requirement applicable to habeas petitions brought pursuant to 28 U.S.C. § 2241, the courts have created a rule that prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The basic rationale for the exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time may be conserved if the agency

4

grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors. *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). Exhaustion of administrative remedies is not required, however, where administrative procedures are unavailable or incompetent to provide adequate redress or where exhaustion would be futile. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)(Roth, J., concurring) (exhaustion is not required when petitioner demonstrates that exhaustion is futile).

In order for a federal prisoner to exhaust administrative remedies, he must comply with the prison administrative remedy process set forth in the Code of Federal Regulations. Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate must first present an issue of concern informally to staff before submitting an Administrative Remedy Request. 28 C.F.R. § 542.13(a). If the attempt at informal resolution is not successful, an inmate must submit a written Administrative Remedy Request to the institution staff member designated to receive such requests within 20 days of the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a) & (c)(4). The Warden has 20 days to respond to the Administrative Remedy Request, and an inmate who is not satisfied with the Warden's response

5

may appeal to the Regional Director within 20 days of the Warden's response. 28 C.F.R. § 542.15(a) & §542.18. The Regional Director has 30 days to respond, and an inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel within 30 days of the Regional Director's response. 28 C.F.R. § 542.15(a) & §542.18. The General Counsel has 40 days to respond. 28 C.F.R. §542.18. "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a).

The time periods for an inmate to file an Administrative Remedy Request and to file appeals to the Regional Director and to the General Counsel may be extended when the inmate demonstrates a valid reason for delay. 28 C.F.R. § §542.14(b) & 542.15(a). Further, "[i]f the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level." 28 C.F.R. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

In this case, Motolo filed an Administrative Remedy Request claiming that there was a "Void Judgment Order" issued in his case and asking how he could owe money under IFRP given the "Void Judgment Order." *Doc.* 1 at 14. His

6

Administrative Remedy Request was denied, and Motolo filed a Regional Administrative Remedy Appeal claiming that he should not be on "refusal" status under the IFRP given that he received a "Void Judgment Order" and he states in his appeal that he is enclosing a copy of the "Void Judgment Order." *Id.* at 15 & 16. The Regional Director denied his appeal, and Motolo filed an appeal to the General Counsel again referring to a "Void Judgment Order." *Id.* at 17-18.   The documents listed in the schedule of documents that Motolo attached to his appeal to the General Counsel include what Motolo calls "Void Judgment Order, dated 12/15/2008." *Id.* at 18.   The response from the General Counsel was originally due on March 25, 2015, but that response period was extended to April 26, 2015. *Doc. 7-1* at 4 (Decl. of Michael S. Romano at ¶5).

Motolo filed this habeas corpus case on March 24, 2015, before he received a response from the General Counsel and before the extended deadline for the General Counsel to respond expired.   The respondent contends that, therefore, Motolo failed to exhaust administrative remedies.   The deadline for the General Counsel to respond to Motolo's appeal, however, has now passed.   It is not clear from the record whether the General Counsel has responded to Motolo's administrative appeal, but, even if the General Counsel did not respond, given that the deadline for a response has now passed, the absence of a response is considered a denial.

7

Although Motolo should have waited until he either received a response from the General Counsel or the deadline for a response from the General Counsel passed before filing his habeas corpus petition, Motolo has now finished the administrative remedy process.

The question at this point is not whether Motolo has completed the administrative remedy process, but which claims did he exhaust through that process. In his habeas petition, Motolo refers to a "Void Judgment Order" and in doing so it is clear that he is referring to the Seventh Circuit's December 15, 2008 Order, one page of which Motolo attached as an exhibit to his habeas petition. *See Doc. 1* at 2-3, 6-8 & 11. Motolo's references in his Administrative Remedy Request and administrative appeals to a "Void Judgment Order" are also references to the Seventh Circuit's December 15, 2008 Order. Thus, Motolo exhausted his claim that the BOP violated his rights by continuing to attempt to collect money from him under the IFRP after the Seventh Circuit's December 15, 2008 Order.

Motolo has not, however, exhausted the claim that he attempts to raise for the first time in his reply, i.e., that the BOP cannot apply the IFRP to him because the sentencing court improperly delegated its authority to set a payment schedule to the BOP. Although in an Informal Resolution Form, Motolo stated that the "BOP lacks delegation of authority to impose FRP sanctions against [a] person," *see doc. 1 at 12*,

8

he does not mention any purported lack of authority or improper delegation of authority to set a payment schedule in his Administrative Remedy Request or any of his administrative appeals. Rather, as set forth above, in his Administrative Remedy Request and his administrative appeals he claims only that the BOP should not be trying to collect under the IFRP given the Seventh Circuit's December 15, 2008 order, which he contends voided his criminal judgment. Because Motolo has neither pleaded in his habeas petition nor exhausted his claim regarding the lack of a payment schedule in the criminal judgment, we will not address that claim.

Finally, we turn to the claim that Motolo has exhausted—the claim that the BOP should not be trying to collect under the IFRP given the Seventh Circuit's December 15, 2008 Order, which Motolo contends voided his criminal judgment. That Order provides as follows:

> The following are before the Court:
>
> 1. **DEMAND TO VACATE VOID JUDGMENT,** filed on November 19, 2008, by the pro se appellant,
>
> 2. **CONSTITIONAL DEMAND FOR SANCTIONS FOR CAUSE,** filed on December 8, 2008, by the pro se appellant, and
>
> 3. **NOTICE OF VIOLATIONS OF CONSTITUTIONAL PRECEDENTS,** filed on December 11, 2008, by the pro se appellant.

> **IT IS ORDERED** that #1 is **GRANTED** in part. The Clerk of this court shall transmit the record on appeal to the warden at the Metropolitan Correctional Center, where the appellant is incarcerated, for appellant's use in preparing his opening brief. The record must be reviewed under the supervision of the warden. The warden shall return the record to the clerk of this court by January 12, 2008.

*Doc. 1* at 11. The Seventh Circuit then goes on to set a briefing schedule. *Id*[2] The Seventh Circuit later dismissed Motolo's appeal because Motolo failed to prosecute the appeal. *See Doc. 61-1* in *United States v. Motolo,* 08-2623 (7th Cir. Apr. 9, 2009).

Contrary to Motolo's contention, the Seventh Circuit did not void his criminal judgment. While the Seventh Circuit did grant in part Motolo's "Demand to Vacate Void Judgment," it did so only to the extent that it granted Motolo's request for access to the record in the case.[3] The Seventh Circuit did not in any way void the

---

[2] The Seventh Circuit revised the Order of December 15, 2008 on January 6, 2009 apparently to correct some improper dates in the original order. *See Doc. 47-1* and *Doc. 47-2* in *United States v. Motolo,* 08-2623 (7th Cir.). But the Seventh Circuit did not change the substance of the order. Because Motolo refers to the Order of December 15, 2008, we refer to that version as well.

[3] Motolo's "Demand to Vacate Void Judgment" is a rambling document mentioning the Uniform Commercial Code and sovereignty and contending that the criminal judgment did not have his full, correct name and that the district court did not have jurisdiction. *See Doc. 36* in *United States v. Motolo,* 08-2623 (7th Cir.). It also requests that Motolo be given access to "all transcripts, minutes and the record" of the case. *Id.* It is only this latter request for access to the record that the Seventh Circuit granted in its order.

criminal judgment against Motolo. In fact, it later dismissed Motolo's appeal altogether, leaving the judgment intact. Thus, Motolo's claim that BOP erred by placing him in "refuse status" under the IFRP given the Seventh Circuit's order is without merit. Accordingly, we will recommend that Motolo's petition for a writ of habeas corpus be denied.

**IV. Recommendation.**

Accordingly, for the foregoing reasons, we recommend that the Court deny Motolo's petition for a writ of habeas corpus.

> The Parties are further placed on notice that pursuant to Local Rule 72.3: Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of September, 2015.

> ***S/Susan E. Schwab***
> Susan E. Schwab
> United States Magistrate Judge